UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPTAIN'S CLUB APPAREL, INC., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>AEROPOSTALE, INC. )<br>Defendant. ) | C.A. NO. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Captain's Club Apparel, Inc. (hereinafter "the Plaintiff" or "Captain's Club") is a Massachusetts corporation with a principle place of business located at 1325 Springfield Street, Suite #3, Feeding Hills, Massachusetts.

2. The Defendant, Aeropostale, Inc., (hereinafter "the Defendant" or "Aeropostale") is a New York corporation, with a principal place of business located at 112 West 34th Street, 22nd Floor, New York, New York.

### JURISDICTION

3. This is a complaint for Trademark Infringement and Unfair Competition arising under §§32 and 43 of the Lanham Act, 15 U.S.C. §§1114(1) (Trademark Infringement).

4. This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. §1121.

5. This Court has personal jurisdiction over the Defendant, Aeropostale, because it maintains a place of business, and does business in, the Commonwealth of Massachusetts.

6. Venue is proper in this district under 28 U.S.C. §1391(a), in that the Defendant was subject to personal jurisdiction in this district at the time the action is commenced, and because Aeropostale conducts business in this district.

## FACTUAL BACKGROUND

7. Captain's Club is a Massachusetts-based designer and retailer of men's and women's clothing and apparel.

8. Captain's Club was founded in 2012 by its President, James A. Tetreault, Jr., and its CFO, Alfred J. Chennell.

9. Captain's Club specializes in "nautical themed" apparel, and presently operates one store located at 35 Circuit Avenue, Oakbluffs, Massachusetts.

10. Captain's Club is planning to open a Key West, Florida location in November, 2015.

11. Captain's Club apparel also is available on-line at captainsclubapparel.com.

12. Captain's Club's co-founder, James Tetreault designed the Plaintiff's nautically themed Captain's Club logos that appear on their apparel. Mr. Tetreault incorporated a "wavy" flag and from there was inspired to create the Captain's Club "Stay Wavy" clothing line in August, 2012.

13. By October 16, 2012, Captain's Club was marketing and selling "Stay Wavy" apparel.

14. The Stay Wavy line took off during the 2012 Christmas season, and Captain's Club's growth has been exponential since then, in large part due to the popularity of the Stay Wavy line.

15. Recognizing Stay Wavy's popularity, in or about August, 2014, Captain's Club applied with the United States Patent and Trademark Office to register "Stay Wavy" as a federal trademark, receiving their registration on March 24, 2015, registration number 4,708,321.

16. In July, 2015, a Captain's Club customer appeared at the Martha's Vineyard location and began to ask whether Captain's Club was affiliated with Aeropostale because she had seen Aeropostale making the same, or similar, "Stay Wavy" clothing.

17. The customer appeared confused but was assured that the two brands were different and that Captain's Club had no affiliation with Aeropostale.

18. Thereafter, Captain's Club discovered that, despite its trademark protection of "Stay Wavy," Aeropostale was in fact selling similar "Stay Wavy"-adorned clothing both on-line and at its stores, and that Aeropostale's "Stay Wavy" clothing was a popular line in 2015.

## COUNT I
### Trademark Infringement Under Lanham Act §32

19. The Plaintiff repeats and incorporates the preceding paragraphs as though specifically pleaded herein.

20. The Defendant's wrongful use of the term "Stay Wavy" comprises an infringement of the Plaintiff's registered trademark and is likely to cause, and has caused, confusion, mistake and deception of the public as to the identity and origin of the Plaintiff's goods, causing irreparable harm to Captain's Club for which there is no adequate remedy at law.

21. By reason of the foregoing acts, the Defendant is liable to the Plaintiff for Trademark Infringement under 15 U.S.C. §1114.

## COUNT II
### Unfair Competition Under Lanham Act §43

22. The Plaintiff repeats and incorporates the preceding paragraphs as though specifically pleaded herein.

23. The Defendant's use of Captain's Club's mark to promote, market or sell its products or services in direct competition with Captain's Club's products constitutes Unfair Competition pursuant to 15 U.S.C. §1125(a). Defendant's use of the Plaintiff's mark is likely to cause, and has caused, confusion, mistake and deception among customers. Defendant's unfair competition has caused and will continue to cause damage to Captain's Club, and is causing irreparable harm to Captain's Club for which there is no adequate remedy at law.

## COUNT III
### Massachusetts General Laws, chapter 93A

24. The Plaintiff repeats and incorporates the preceding paragraphs as though specifically pleaded herein.

25. The Defendant is a corporation licensed to do business, and is operating in, the Commonwealth of Massachusetts.

26. The Defendant's appropriation and use of Captain's Club's registered mark constitutes unfair and deceptive business practices within the meaning of Massachusetts General Laws, chapter 93A.

27. As a result of Aeropostale's violation of c.93A, Captain's Club has been damaged.

WHEREFORE, the Plaintiff, Captain's Club, prays this Court for the following relief:

1. Preliminarily and permanently enjoin Aeropostale from using Captain's Club's trademark depicted in Exhibit A, or any colorable imitation thereof;

2. Preliminarily and permanently enjoin Aeropostale from using any trademark that imitates or is confusingly similar to or in any way similar to Captain's Club's trademark "Stay Wavy," or that is likely to cause confusion, mistake, deception, or public

4

misunderstanding as to the origin of Captain's Club's products or their connectedness to the Defendant;

3. That the Defendant be required to file with the Court and serve on Captain's Club within thirty (30) days after the entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the Injunction;

4. That, pursuant to 15 U.S.C. §1117, the Defendant be held liable for all damages suffered by Captain's Club resulting from the acts alleged herein;

5. That, pursuant to 15 U.S.C. §1117, the Defendant be compelled to account to Captain's Club for any and all profits derived by it from its illegal acts complained of herein;

6. That the Defendant be ordered pursuant to 15 U.S.C. §1118 to deliver up for destruction all items and/or materials in the possession, custody or control of the Defendant bearing the trademark found to infringe on Captain's Club's trademark rights;

7. For damages not less than $10,000,000;

8. And to the extent permitted by law, that this Court award the Plaintiff its full costs and attorneys' fees pursuant to 15 U.S.C. §1117;

9. That this Court grant the Plaintiff any other remedy to which it may be entitled as provided for under state or federal law; and,

10. For such other relied as the Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury of all issues triable before a jury.

Respectfully submitted,
The Plaintiff,
CAPTAIN'S CLUB, INC.
By its attorneys,


/s Edward A. Prisby
Raipher D. Pellegrino, BBO#
Edward A. Prisby, BBO#655217
265 State Street
Springfield, MA 01103

Date: January 25, 2016